**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|                               |   |                                |
|-------------------------------|---|--------------------------------|
| UNITED STATES OF AMERICA,     | ) | CASE NO.    5:21 CR 882        |
|                               | ) |                                |
| Respondent                    | ) | JUDGE DONALD C. NUGENT         |
|                               | ) |                                |
| v.                            | ) |                                |
|                               | ) |                                |
| JIMMIE L. WASHINGTON,         | ) | <u>MEMORANDUM OPINION</u>      |
|                               | ) | <u>AND ORDER</u>               |
| Defendant-Petitioner          | ) |                                |

This matter comes before the Court upon Jimmie L. Washington's ("Mr. Washington's") pro se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #50: Case No. 5:21-cr-882). In his motion, Mr. Washington raises four grounds for relief: (1) ineffective assistance of counsel; (2) conviction obtained by use of evidence obtained pursuant to an unlawful arrest; (3) conviction obtained by a violation of the privilege against self-incrimination; and (4) unreasonable sentence. (ECF #50, PageID 249-51). Mr. Washington later filed a Memorandum in Support of his motion. (ECF #52). The Government filed a Response in Opposition to Petitioner's Motion. (ECF #56). Mr. Washington has since filed a Reply. (ECF #59).

**Background**

Mr. Washington was indicted by a Federal Grand Jury on one count of illegally possessing a firearm on or about September 12, 2021, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (ECF #12). On February 24, 2022, Mr. Washington pled guilty pursuant to a plea agreement to the Indictment. (ECF #39). As part of the plea agreement,

Mr. Washington waived his right to appeal or challenge the conviction or sentence collaterally through a post-conviction proceeding and agreed that he was satisfied with the assistance of counsel, including an agreement that he had discussed possible defenses with his counsel. (*Id.*, PageID 142). On June 16, 2022, Mr. Washington was sentenced to 48 months imprisonment; 3 years supervised release; and $100.00 special assessment. (ECF #46, page 2-3, 6).

Mr. Washington filed the instant motion on June 23, 2022. (ECF # 50). He seeks a hearing on the motion, and to have his sentence vacated or set aside, and a lighter sentence of home confinement imposed. (ECF #59, PageID 300).

### Legal Standard

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962).

In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Once a defendant has waived or exhausted his right to appeal, "we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. Thus, to prevail on his § 2255 motion, Mr. Washington must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

**Analysis**

In his motion, Mr. Washington raises four grounds for relief: (1) ineffective assistance of counsel; (2) conviction obtained by use of evidence obtained pursuant to an unlawful arrest; (3) conviction obtained by a violation of the privilege against self-incrimination; and (4) unreasonable sentence. (ECF #50, PageID 249-51). Each ground is addressed below.

1.     **GROUND I: Mr. Washington's claim of ineffective assistance of counsel fails on the merits.**

Mr. Washington alleges ineffective assistance of counsel in Ground I. (ECF #50, PageID 249). To prevail on an ineffective assistance of counsel claim, Mr. Washington "must show that counsel's performance was deficient," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient when it falls below an objective standard of reasonableness, and their errors are so serious that he or she was not functioning as the "counsel" guaranteed by the 6th Amendment. *Id.* at 686-88. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the evidence of a petitioner's guilt is overwhelming, he cannot possibly establish prejudice, even if counsel's performance was deficient. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

Mr. Washington must satisfy both elements of the Strickland Test for his claim to have merit. Mr. Washington claims that his counsel was deficient because they did not argue caselaw supporting a self-defense claim. But as part of his plea agreement, Mr. Washington agreed that he was satisfied with the performance of his counsel and that he went over possible defenses with his counsel. (ECF #39, PageID 144). The plea agreement states, "Defendant makes the following truthful statements: I have discussed this case and this plea agreement in detail with my attorney who has advised me of my Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing...." (*Id.*). Thus, Mr. Washington's claim that his counsel's performance was deficient for failing to present a self-defense argument is without merit for two reasons: First, because he chose to plead guilty instead of proceeding to trial and asserting a self-defense claim; and second because as part of the plea agreement he agreed that he had discussed possible defenses with his counsel and agreed that he was satisfied with the performance of his counsel. He has not shown that his counsel's assistance fell below an objective standard of reasonableness.

Mr. Washington also presents no arguments as to how his counsel's performance prejudiced his defense if his counsel were found to be deficient. Thus Mr. Washington's petition does not satisfy either part of the Strickland test, and his claim under Ground I is without merit.

2. **GROUND II: Mr. Washington waived his right to collaterally challenge the conviction or sentence under 28 U.S.C. § 2255 on the ground that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest, and his claim fails on the merits.**

Ground II of Mr. Washington's petition is that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest. But Mr. Washington expressly and voluntarily

4

waived his right to challenge his sentence or conviction under 28 U.S.C. § 2255 in his plea agreement, and he did not reserve this ground to later challenge his sentence or conviction. (ECF #36, PageID 129).

Even if he had not waived this ground, Mr. Washington's claim still fails on the merits. A police officer is permitted to make an arrest without a warrant if he has probable cause to believe that the arrestee has committed an offense. *Sandul v. Larion*, 119 F.3d 1250, 1256 (6th Cir. 1997) (citing *Adams v. Williams*, 407 U.S. 143, 148-49 (1972), and *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Probable cause means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, [sic] in the circumstances shown that the suspect has committed . . . an offense." *Sandul*, 119 F.3d at 1256 (quoting *Michigan v. DeFillippo*, 443 U.S. 31 (1979)).

Mr. Washington does not present any arguments or facts to show that the evidence against him was obtained pursuant to an unlawful arrest. Mr. Washington argues that his statements and the fact he possessed the gun should be privileged under his constitutional right against compelled self-incrimination because he voluntarily surrendered the gun to police. (ECF #50, PageID 249). But Mr. Washington raises no facts or arguments to show that his statements were unlawfully compelled. Nor does he raise any arguments or provide any facts within the record showing that his arrest was unlawful or that he was arrested without probable cause. A petitioner's claim should be disregarded if they "can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Therefore, Mr. Washington's claim that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest lacks merit.

3. **GROUND III: Mr. Washington's Fifth Amendment claim that his conviction was obtained by a violation of his privilege against compelled self-incrimination was waived when he pled guilty and fails on the merits.**

Mr. Washington's arguments about being compelled to incriminate himself are without merit and are contrary to the facts of the case. He was not in-custody when he told Akron Police officers that he possessed a firearm in his back pocket. The plea agreement states that Mr. Washington "told the officers that he possessed the firearm when the officers arrived." (ECF#39, PageID 143). Mr. Washington agreed that this was true in his plea agreement. (*Id.* at 142). There are no facts in the record or otherwise raised by Mr. Washington that would support a finding that his Fifth Amendment rights were violated in any way. Further, Mr. Washington waived any Fifth Amendment claim when he pleaded guilty. (ECF# 139, PageID 137); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). This claim lacks merit.

4. **GROUND IV: Mr. Washington waived his right to challenge or appeal his sentence.**

In Ground IV of his petition, Mr. Washington claims that the sentence he received from this Court was procedurally unreasonable because the Court did not make any findings or rulings on a self-defense claim. (ECF #50, PageID 251). This claim also lacks merit. First, Mr. Washington never placed a self-defense claim before the court, and he waived any right to present evidence as part of his plea agreement. (ECF #39, PageID 137). Second, in his plea agreement, Mr. Washington waived his right to appeal or challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255, unless it exceeded the statutory maximum or exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines. (ECF #39, PageID 141-42). Neither exception applies here. Mr. Washington's sentence was within the sentencing imprisonment range consistent with the plea agreement, using the Criminal History Category

found applicable by this Court. The applicable guideline range was 46-57 months of imprisonment, and Mr. Washington was sentenced to 48 months. Therefore, Mr. Washington waived his right to appeal the sentence or attack it under 28 U.S.C. § 2255.

### 5. A hearing on this motion is not required.

The Sixth Circuit holds "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arrededondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). Because Mr. Washington has not presented any facts or argument that would be grounds for relief, the court is not required to hold a hearing on his § 2255 petition.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Washington has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Mr. Washington's Motion to Vacate, Set Aside or Correct Sentence In Accordance With Title 28 U.S.C. § 2255 (ECF #50) is DENIED. Mr. Washington's request for a hearing on his petition is also DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C.

§ 2253; Fed.R.App.P. 22(b).


       IT IS SO ORDERED.


Donald C. Nugent

United States District Judge


DATED: _September 13, 2022_