IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21 CV 882 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| JIMMIE L. WASHINGTON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Mr. Washington's Emergency Motion to Correct PSR

Clerical Error, Pursuant to Fed. Crim. R. 36 (ECF #83); Emergency Motion to Correct Scrivener's

Error (ECF #86); and, Motion to Reduce Sentence pursuant to Amendment 821 (ECF # 91).

Relief under all three of these motions is contingent upon Mr. Washington's claim that his

criminal history points were miscalculated at the time of his original sentencing.


**FACTUAL AND PROCEDURAL HISTORY**

Mr. Washington pled guilty to the charge that on September 12, 2021, he committed the

offense of being a Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2). (ECF #12, 39). As part of his plea agreement, he expressly and

voluntarily waived his rights to appeal his conviction or sentence, or to challenge the his

conviction or sentence collaterally through a post-conviction proceeding under 28 U.S.C. §2255,

except in one of four circumstances. (ECF #39, PageID 141). The waiver does not apply to

appeals or challenges alleging that: (1) his sentence was in excess of the statutory maximum; (2) his sentence exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in the agreement, using the Criminal History Category found applicable by the Court; (3) he received ineffective assistance of counsel; or, (4) there was prosecutorial misconduct.  (ECF #39, PageID 141-142).

Mr. Washington was sentenced on June 16, 2022 to 48 months imprisonment, with three years of supervised release to follow.  He did not file a direct appeal.  He did file a Motion under 28 U.S.C. §2255, alleging: (1) ineffective assistance of counsel for failing to raise the issue of self-defense; (2) conviction obtained by unlawfully obtained evidence; (3) conviction obtained by violation of his Fifth Amendment privilege against self-incrimination; and (4) unreasonable sentence. (ECF #50, 61).  The claim of ineffective assistance of counsel was the only ground for relief that had not been waived by his plea agreement, and it was denied on the merits.  (ECF #61, PageID 305-306).

Mr. Washington also filed a Request for Emergency Ruling Vacating Sentence (ECF #53), a Motion for Release (ECF #55), Request to Amend Current Time (ECF #63), an Emergency Motion for Compassionate Release (ECF #70), a Motion to Amend or Alter Pursuant to Fed. Civ. P. 59(e) (ECF #78), and another Motion for Emergency Compassionate Release (ECF #82).  Each of these motions were denied (ECF #75, 90, 93), except that the Motion to Amend Current Time, which sought to Amend his first §2255 motion was transferred to the Sixth Circuit Court of Appeals as a Successive or Second motion.  (ECF #63, 68).  The Sixth Circuit has not yet ruled on whether to authorize this petition.

2

## ANALYSIS

### A. Motions to Correct Error

The currently pending motions assert that Mr. Washington's criminal history category was miscalculated because he received three points for a sentence issued on October 25, 2006 in Summit County, Ohio. Without determining whether the guidelines applied were correct, the Court acknowledges that there is a genuine issue as to whether his criminal history points were correctly scored.

The Journal Entry setting forth the sentence states as follows:

Defendant heretofore on September 18, 2006 plead GUILTY to RECEIVING STOLEN PROPERTY, as contained in Count 1 of the Indictment, DRIVING UNDER SUSPENSION, as contained in Count 3 of the Indictment, CARRYING CONCEALED WEAPONS, as contained in Count 7 of the Supplement One to the Indictment, and AGGRAVATED MENACING, as contained in Count 9 of the Supplement One to the Indictment...The Court's sentence in this case was the result of a negotiated plea ...

The Defendant, JIMMIE L. WASHINGTON, is to be committed to the OHIO DEPARTMENT OF REHABILITATION AND CORRECTION for a definite term of One (1) year... for punishment of the crime of RECEIVING STOLEN PROPERTY...serve Six(6) months in the Summit County Jail for punishment of the crime of DRIVING UNDER SUSPENSION... to be served at the appropriate penal institution, for a definite terms of Six (6) months...for the crime of CARRYING CONCEALED WEAPONS..., and serve Six (6) months in the Summit County Jail for punishment of the crime of AGGRAVATED MENACING, to be served at the appropriate penal institution.

The sentences imposed in Counts 1 and 7 are to be served consecutively with each other, but concurrently with Counts 3 and 9.

The Defendant is to serve a total of Eighteen (18) months in the Ohio Department of Rehabilitation and Correction.

3

He asserts, based on the description of the relevant offenses in the Pre-Sentence Report ("PSR") that Counts 1 and 3 were separated from Counts 7 and 9 by an arrest and should, therefore, have been counted separately for the purpose of calculating his criminal history points. Indeed, the PSR describes the charges as follows:

> According to the Indictment on August 6, 2006, the defendant received, retained, or disposed of a 1996 Eagle Vision, and he knew or had reasonable cause to believe the vehicle had been obtained through the commission of a theft offense (Count 1). Further, the defendant operated [the car] while under a period of suspension of his driver's or commercial driver's license...(Count 2).  Counts 3 and 4 were supplemental charges that occurred on August 24, 2006.  Summit County Clerk of Courts did not provide a copy of the Supplemental Indictment.
>
> According to the Akron Police Department...On August 6, 2006, officers from the Akron Police Department observed the defendant driving the stolen [car].  The defendant tried to flee officers...Officers were able to apprehend the defendant and he was placed under arrest.  On August 24, 2006, [a victim] reported that while he was driving...the defendant pointed a pistol at him.  Officers made contact with the defendant a short time later.  The Defendant had a loaded [firearm] in his pants pocket."

Based on the description in the PSR, it appears that the offenses of carrying a concealed weapon and aggravated menacing occurred after Mr. Washington's arrest for receiving stolen property and driving under suspension.  The Government acknowledges that, pursuant to U.S.S.G. §4A1.2(a)(2), if two or more offenses are separated by an intervening arrest, "they are always counted separately."  Further, the Government has not challenged Mr. Washington's assertion that these two of these offenses were separated from the others by an intervening arrest.

The Government does assert that if these were to be treated as separate offenses, this would raise, not lower, his criminal history score. (ECF #94, PageID 475-76).  While on the surface this may seem to be a logical argument, it does not hold up under the circumstances of this case.   If

4

these two sets of offenses are treated separately, then the sentence for the first set would be twelve (12) months on Count One, and six (6) months on Count 3. These sentences could be treated as a single sentence under U.S.S.G. §4A1.2(a)(2), and if they were run concurrently, only the twelve month sentence would be counted. *Id.* ("For purposes of applying §4A1.1(a), (b), and (c), if prior sentences are treated as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed."). Under the Summit County Journal Entry, Count three was, in fact, to run concurrently with the other sentences. Thus, the relevant sentence for these two offenses under the Guidelines could be twelve months. Because the sentence is at least sixty days, but does not exceed one year and one month, Mr. Washington could receive two points for these offenses. However, the U.S.S.G. §4A1.2(e) directs that the two points are not counted if the sentence is imposed more than ten years prior the defendant's commencement of the instant offense. The sentence was imposed on October 16, 2006 and recorded on October 25, 2006. (ECF #84-1). According to the Plea Agreement in this case, the instant offense occurred on September 13, 2021. (ECF #39, PageID 142). As the instant offense commenced more than ten years after the prior sentence was imposed, no points would be assigned to this sentence.[1]

Similarly, the sentence for the second set of offenses was six (6) months on Count 7, and six (6) months on Count 9, with the sentence on Count 9 to run concurrent to the other sentences. The sentences for these two offenses would be treated as a single sentence under U.S.S.G.

---

[1] This analysis would change if the sentences on Count One and Count Three were treated as consecutive. The combined sentence would then be eighteen months and would be subject to a fifteen year period of limitations. The instant offense occurred within fifteen years of the sentence. Therefore, under this scenario, the three points would be counted and his point total would not change even if Counts Seven and Nine were separated by an intervening arrest.

§4A1.2(a)(2).  The sentence is at least sixty days, but does not exceed one year and one month.

Therefore, Mr. Washington could receive two points for these offenses.  However, the sentence

was imposed on October 16, 2006, and the instant offense occurred on September 13, 2021.  (ECF

#39, PageID 142).  As the instant offense commenced more than ten years after the prior sentence

was imposed, no points would be assigned to this sentence under U.S.S.G. §4A1.2(e).

If Mr. Washington received no points for these offenses, his criminal history would have

generated 7 points.  Under the new retroactive Amendment 821, he would have received one

additional point for committing the instant offense while under a criminal justice sentence

pursuant to U.S.S.G. §4A1.1(d), giving him a total score of 8 points.  Eight points correlates to a

criminal history of IV, rather than the V that he was sentenced under, and would have reduced his

sentencing range from 46 to 57 months to 37 to 46 months.

The problem for Mr. Washington is that he waived his right to appeal the Court's sentence,

except under very specific circumstances.  The only such circumstance that could arguably apply

to the alleged mis-calculation of his criminal history points is the exception allowing appeal or

collateral attack on a sentence that exceeds the maximum of the sentencing imprisonment range

determined under the advisory Sentencing Guidelines in accordance with the sentencing

stipulations and computations in the agreement, using the Criminal History Category found

applicable by the Court.  Although Mr. Washington is essentially arguing that his sentence exceeds

the maximum guideline range for what he believes is the correct computation of his criminal

history category, reviewing the correctness of the Court's computation does not fall within the

waiver's exceptions.

6

There were no sentencing stipulations or computations of the applicable criminal history category in the Plea Agreement. Further, Mr. Washington's sentence did not exceed the maximum of the sentencing range that was applied using the Criminal History Category found applicable by the Court. Any challenge to the correctness or appropriateness of the criminal history category found applicable by the Court is not reviewable under the appeal waiver in the Plea Agreement.

Mr. Washington attempts to avoid application of the waiver by presenting his request as a request to correct a clerical error or a scrivener's error, under Fed. R. Crim.P. 36 and other case law. This attempted circumvention of the waiver cannot succeed, however. There is no clerical or scrivener's error in the record. If there is any error, it would be an error in the application of the facts to the law. Any error in the determination of facts or application of the law would fall squarely within the waiver provisions of the Plea Agreement, and the Court is prevented from addressing it here. Further, even if it could be addressed through the lens of ineffective assistance of counsel, which would fall outside the waiver, Mr. Washington failed to raise it on direct appeal or in his first request for collateral post-conviction relief. He would, therefore, be barred under 28 U.S.C. §2255(h) from raising it before this Court without obtaining prior permission from the Sixth Circuit Court of Appeal.

B. Motion for Sentence Reduction Under Amendment 821

The Government concedes that Mr. Washington was assigned two criminal history points under U.S.S.G. § 4A1.1(e) for committing the relevant offense while under any criminal justice sentence. Under the retroactive Amendment 821, he would have only received one additional point under this section. Therefore, his final total criminal history points would be eleven (11) points rather than twelve (12). This reduction in points would not change his criminal history

category, however.  Category V is assigned to any defendant with between ten (10) and twelve (12) criminal history points.  Because his criminal history category remains the same post-amendment, his guideline range also remains the same.  Therefore, re-sentencing is not warranted.

For all the reasons set forth above, Defendant's Motions for Emergency Motion to Correct PSR Clerical Error, Pursuant to Fed. Crim. R. 36 (ECF #83); Emergency Motion to Correct Scrivener's Error (ECF #86); and, Motion to Reduce Sentence pursuant to Amendment 821 (ECF # 91) are all DENIED.

IT IS SO ORDERED.

Donald C. Nugent
Senior United States District Judge

Date: January 29, 2024

8