UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21 CR 882 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| JIMMIE L. WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Request for Emergency Compassionate Release. (ECF #111). This is Mr. Washington's Third Motion for Compassionate Release. (ECF # 70, 82). In denying the previous motions, the Court found that Mr. Washington failed to demonstrate extraordinary and compelling reasons for relief under 18 U.S.C. § 3582(c)(1)(A), and that the §3553(a) factors did not support early release in his case. (ECF #75, 90). He has also filed multiple motions challenging the validity of his sentence, each of which was denied. (50, 53, 55, 61, 62, 63, 78, 83, 86, 91, 95, 99. 100, 104, 105, 107). Mr. Washington also filed a "Challenge to Presentence Investigation Report," challenging that calculation of his criminal history points and resulting criminal history category. (ECF #110).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that

-1-

the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Washington attached documentation indicating that he has exhausted his administrative remedies. Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Washington argues that a miscalculation of his criminal history points establishes extraordinary and compelling reasons to grant a sentence reduction in his case. The court addressed the allegation of miscalculation in detail in its prior order denying Mr. Washington's Motion to Correct PSR Clerical Error, Motion to Correct Scrivener's Error, and

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

Motion to Reduce Sentence purusant to Amendment 821. (ECF #95). Mr. Washington waived his right to challenge any miscalculation as part of his plea agreement, and by failing to raise the issue on direct appeal. (ECF #39, PageID 141). Further, even if the Court were to accept Mr. Washington's conclusion that his criminal history points were miscalculated and apply the most beneficial possible scenario, would have had eight criminal points, resulting in a criminal history of IV, with a total offense level of 17. This would result in a sentencing range of 37-46 months. Mr. Washington was sentenced to 48 months, which is only two months above the high end of that sentencing range. This does not correlate to any definition of extraordinary and compelling reasons as set forth in the USSG policy statement in §1B1.13. Nor does it rise to the level of an extraordinary and compelling reason for a reduction when considered in combination with the other §3553(a) factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Washington is not entitled to a reduction in sentence.

    These factors were addressed in the denial of his previous request for compassionate release, and there are no new considerations that would affect the balance of those factors. A reduced sentence would not reflect the seriousness of this crime, and would give Mr. Washington a disparately low sentence compared to other defendants who engage in similar behavior. Prior to this crime, Mr. Washington had a history of violent criminal activity involving the use or brandishing of firearms. He has not shown himself to be at a low risk for recidivism and he continues to be a danger to the community. The Court has considered the rehabilitation efforts

made by Mr. Washington, and his attention to developing avenues for productive self-sufficiency following his release. These efforts, however, are not sufficient to establish extraordinary and compelling reasons for relief, and do not override the remaining factors.

Mr. Washington has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Washington's arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #111). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATE: May 9, 2024