UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21 CR 882 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JIMMIE L. WASHINGTON, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's fourth Motion for Compassionate Release. (ECF # 70, 92, 111, 129). Mr. Washington also filed a Supplement to his motion, adding an additional argument for relief. (ECF #130).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R.

542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Washington did not provide a copy of his request to the Warden or any response, but did include an email he purportedly sent to the Assistant Warden checking on the status of a request he claims to have sent on November 4, 2024. Accepting without deciding that Mr. Washington has exhausted his administrative remedies, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered Mr. Washington's filings, the Government's opposition, and the record as it relates to his change of plea hearing and sentencing. In addition the Court has reviewed the many requests for relief that Mr. Washington has filed over the course of his incarceration, and balanced all the factors set forth in 18 U.S.C. §3553(a). (See, e.g. ECF # 50, 53, 55, 63, 70, 78, 82, 91, 92, 99, 107, 111, 122) . The combination of factors at play in Mr. Washington's case do not rise to the level of extraordinary and compelling reasons for a sentence reduction.

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

Mr. Washington argues that he qualifies for relief under U.S.S.G. §1B1.13(5) which provides the potential for relief when a defendant "presents any [] circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1)-(4), are similar in gravity to those described in paragraphs (1)-(4). " In turn, paragraphs (1)-(4) focus on the health and safety of the defendant, or circumstances in which the defendant is the sole potential care taker of a child or close family member who is incapacitated. Mr. Washington does not present any circumstances that meet these criteria or are similar in gravity to these criteria.

Rather, he seeks the benefit of non-constitutional changes in the interpretation of which crimes qualify as crimes of violence for purposes of 18 U.S.C. 922(a)(4)(A), and otherwise challenges the calculation of his total offense level and criminal history category. His supplement also seeks to minimize his criminal history because many of his crimes were committed at a young age. None of these circumstances, alone or in combination, are consistent with the USSG's policy statement as set forth in U.S.S.G. §1B1.13.

As part of his plea agreement, Mr. Washington agreed that his total offense level qualified as a level 20 under 18 U.S.C. 922(a)(4)(A). (ECF #39, PageID 140). In addition, he waived the right to challenge his conviction and sentence on direct appeal or other means of collateral attack except under very specific circumstances that do not apply to this motion. (ECF #39, PageID 141). Nonetheless, Mr. Washington has filed no less than eight post-conviction collateral attacks on his sentence, not including a proper request for review under the retroactive 821 Amendment, or his four motions for compassionate release. He cannot now use the exceptional relief provided by 18 U.S.C. §3582(c)(1)(A) and U.S.S.G. §1B1.13 as a means of circumventing the long established legal restrictions that precluded him from relief on direct

appeal or pursuant to second and successive motions under 28 U.S.C. §2255. The Court has addressed the legal arguments properly raised with regard to the calculation of his total offense level and criminal history categories. Mr. Washington had the chance to appeal those rulings in due course. The calculation of his sentence raises no extraordinary and compelling reason to reduce his sentence consistent with the relevant USSG policy statement.

In addition, the effect of Mr. Washington's youth on his criminal record is neither extraordinary or compelling. At the time of the instant offense, Mr. Washington was in his thirties. None of the crimes he committed under the age of 20 were counted in the point tallies for his criminal history category. Further, he did not appear to learn from his youthful offenses. He continued to commit crimes throughout his adult life, including facing multiple charges for the same offense conduct at issue in this case. His age has no mitigating effect on the conduct that formed the basis of his current conviction.

Even if he had demonstrated extraordinary and compelling reasons to consider early release, the Court would also have to balance all of the §3553 sentencing factors, including but not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Washington is not entitled to a reduction in sentence.

These factors have been addressed in the previous denials of his multiple motions for compassionate release, and there are no new considerations that would affect the balance of those factors. A reduced sentence would not reflect the seriousness of this crime, and would give Mr. Washington a disparately low sentence compared to other defendants who engage in similar

behavior. Prior to this crime, Mr. Washington had a history of violent criminal activity involving the use or brandishing of firearms. He has a long history or recidivism and due to his unrelenting history or illegal possession of firearms, he continues to be a danger to the community.

Mr. Washington has not demonstrated extraordinary and compelling reasons for relief, and has not shown that a reduced sentence is supportable under the 18 U.S.C. §3553(a) factors. For the reasons set forth above, Mr. Washington's Motion for Compassionate Release is DENIED. (ECF #129). IT IS SO ORDERED.

                                                                */s/ Donald C. Nugent*
                                                             DONALD C. NUGENT
                                                             United States District Judge

DATE: *March 6, 2025*