IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:21 CR 882 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| JIMMIE L. WASHINGTON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Jimmie Washington's Motion to Vacate, Set

Aside, or Correct Sentence pursuant to  28 U.S.C. § 2255, and the Supplement to that motion.

(ECF # 140, 141).  Mr. Washington previously filed a §2255 motion to vacate on June 23, 2022,

which was denied. (ECF #50, 61).  This is, therefore, Mr. Washington's fourth petition for habeas

relief following the denial of his original motion under §2255.  (ECF #63, 68, 98, 107, 108, 116,

122, 124, 131).  Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel
> of the appropriate court of appeals to contain —

> > (1) newly discovered evidence that, if proven and viewed in light of the
> > evidence as a whole, would be sufficient to establish by clear and
> > convincing evidence that no reasonable factfinder would have found
> > the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Washington failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Washington's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

        /s/ Donald C. Nugent       
Donald C. Nugent

Date:   June 4, 2025              United States District Judge

2